IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| PERLA CABALLERO, Individually and as Next Friend to Rafael Corral, a Minor<br><br>Plaintiff,<br><br>v.<br><br>TENNESSEE STEEL HAULERS, INC., ALABAMA CARRIERS, INC., DASEKE, INC. and JOHNNY M. FOX,<br><br>Defendants. | §§§§§§§§§§§§§§§ 02:20-CV-212-Z |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

### I. Written Consent to Amend

1. This First Amended Complaint is filed with the written consent of the parties who have been served and answered herein. (See Exhibit A). Defendants' consent was made with the knowledge that the addition of Daseke, Inc. may destroy diversity jurisdiction based on Plaintiff's assertion that its principal place of business is in Texas.

2. Plaintiff asserts that she may file this amended complaint as a matter of course pursuant to FED. R. CIV. P. 15(1)(B).

### II. Procedural History

3. This action was originally filed in the 69th District Court for Moore County, Texas under Cause No. 20-58.

4. Defendants Tennessee Steel Haulers, Inc. and Alabama Carriers, Inc. were duly served and filed answers in the pending state court action.

5. On September 16, 2020, Defendants Tennessee Steel Haulers, Inc. and Alabama Carriers, Inc. removed this case from the 69th District Court of Moore County, Texas on the sole basis that this Court has diversity jurisdiction over the lawsuit under 28 U.S.C. §1332.

6. At the time the notice of removal was filed, service had not been completed on Johnny M. Fox and he had filed no answer in the underlying state court action.

7. As of the date of this filing, Defendant Fox has still not been served despite diligent efforts to effect service on him.

### III. Parties

8. Plaintiff, Perla Caballero-Sanchez, is an individual that is a citizen of the State of Texas.

9. Plaintiff, Perla Caballero-Sanchez, is the representative of Rafael Corral, a minor who is a citizen of the State of Texas.

10. Defendant, Tennessee Steel Haulers, Inc., is a Tennessee corporation which regularly conducts business in the State of Texas, and which has been served with process and answered in the underlying state court action referenced in Section A above.

11. Defendant, Alabama Carriers, Inc. is a Tennessee corporation which regularly conducts business in the State of Texas, and which has been served with process and answered in the underlying state court action referenced in Section A above.

12. Defendant, Johnny M. Fox, is an individual, resident of Alabama who was conducting business in the State of Texas at the time of the events made the basis of this lawsuit and who may be served with citation at his place of residence, 118 County Road 100, Deatsville, Alabama, 36022-2739, or wherever he may be found.

13. Defendant, Daseke, Inc. is a Delaware corporation which maintains its principal place of business at 15455 Dallas Parkway, Suite 550, Addison, Texas. Defendant Daseke, Inc.

may be served with process by serving its registered agent, The Corporation Trust Company, 1209 Orange St., Corporation Trust Center, Wilmington, Delaware 19801.

## IV. Jurisdiction

14. As referenced in Section B above, the sole basis of this Courts current jurisdiction is diversity jurisdiction under 28 U.S.C. §1332. Plaintiff asserts that this Court will no longer have jurisdiction over this case upon the acceptance of this First Amended Complaint for filing, because Defendant Daseke, Inc. maintains its principal place of business in Texas. Therefore, diversity jurisdiction is destroyed under 28 U.S.C. §1332 and the case must be remanded to Texas state court where the action was originally filed. Plaintiff reserves all rights to challenge the Court's jurisdiction.

## V. Venue

15. To the extent this Court maintains jurisdiction, venue is proper in the district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## VI. Facts

16. On September 25, 2018 at approximately 8:00 a.m., Defendant Fox was driving a tractor trailer southbound in the 400 block of S. Maddox in Dumas, Texas approaching the intersection with E. 5th Street. The intersection was controlled by a traffic control light.

17. Defendant Fox entered the intersection against a red light and hit a car driven by Plaintiff which was going westbound on E. 5th Street. The impact of the tractor trailer was to the passenger side left quarter of Plaintiff's car and violently spun her into another car before coming to a stop.

18. The facts and circumstances surrounding the wreck suggest that Defendant Fox was fatigued and/or distracted at the time of the wreck and operating in violation of Federal

Motor Carrier Safety Regulations.

19. The facts and circumstances surrounding the wreck also suggest that Defendant Fox was travelling at a speed above the speed limit and/or too fast for existing conditions.

20. The facts and circumstances surrounding the wreck also suggest that the brakes and tires on the tractor and/or trailer that was being driven by Defendant Fox were improperly maintained and had not been properly inspected prior to the trip in question.

21. Plaintiff had almost cleared the intersection when her car was struck and had no opportunity to avoid the wreck.

22. Plaintiff had her son Rafael Coral in the vehicle with her at the time of the wreck. Both Plaintiff and her son sustained serious injuries in the wreck.

23. Upon information and belief, defendants Tennessee Steel Haulers, Inc. and Alabama Carriers, Inc. were collectively operated as TSH & Co. before being purchased by Defendant Daseke, Inc., Daseke Companies, Inc. and Daseke TSH, LLC on or about December 1, 2017. Upon purchase, Defendant Daseke, Inc. was designated as the "Parent" corporation of Tennessee Steel Haulers, Inc. and Alabama Carriers, Inc.

24. At all times relevant Defendants Alabama Carriers, Inc. and Tennessee Steel Haulers, Inc. were subsidiaries of Defendant Daseke, Inc.

25. Defendants Alabama Carriers, Inc., Tennessee Steel Haulers, Inc. and Daseke, Inc. are all motor carriers licensed and regulated by the Federal Motor Carrier Safety Administration.

### VII. Negligence – Johnny Fox

26. Upon information and belief, Defendant Fox was negligent in one or more of the following ways:

    a. By failing to obey a traffic control signal;

 b. By failing to yield right-of-way;

 c. By failing to pay attention to the roadway;

 d. By driving while distracted;

 e. By failing to timely apply his brakes;

 f. By driving at an unsafe speed;

 g. By driving while he was tired;

 h. By failing to take evasive action necessary to avoid the wreck;

 i. By failing to adequately inspect the tractor trailer;

 j. By failing to properly maintain the tractor trailer;

 k. By driving a tractor trailer he knew or should have known was unsafe; and

 l. By failing to exercise due care in the operation of a tractor trailer

27. Each of the foregoing acts and omissions, whether taken singularly or in any combination, was a proximate cause of the collision made the basis of this suit and of Plaintiff and her minor son's resulting injuries and damages.

## VIII. Negligence *Per Se* – Johnny Fox

28. Upon information and belief, Defendant Fox was negligent *per se* in violating one or more of the following laws and regulations which govern driving in the State of Texas and transportation of property or passengers in interstate commerce:

 a. By violating Texas Transportation Code § 545.151 in that he failed to stop, yield, and grant immediate use of the intersection in obedience to an official traffic-control device or sign. And further, by proceeding when the intersection could not be safely entered without interference or collision with traffic using a different street or roadway;

 b. By violating Texas Transportation Code § 545.351 in that he drove at a speed

5

    greater than was reasonable and prudent under the circumstances then existing;

 c. By violating the Federal Motor Carrier Safety Administration rules governing hours of service;

 d. By violating the Federal Motor Federal Motor Carrier Safety Administration rules governing the use of mobile devices while driving; and

 e. By violating the Federal Motor Federal Motor Carrier Safety Administration rules governing the inspection and maintenance of commercial vehicles.

29. Plaintiff and her minor son were among the class of persons sought to be protected by the statutes and rules Defendant Fox violated.

30. Each of the foregoing violations, whether taken singularly or in any combination, was a proximate cause of the collision made the basis of this suit and of Plaintiff and her minor son's resulting injuries and damages.

### IX. Alternative Claims for Vicarious Liability
### Alabama Carriers, Inc. and Tennessee Steel Haulers, Inc.

#### Statutory Employer Liability

31. Upon information and belief, Defendant Fox was an owner/operator of the tractor involved in the wreck and was operating under a lease agreement with Defendants Alabama Carriers, Inc. and Tennessee Steel Haulers, Inc. The crash report indicates that Defendant Fox was operating under Defendant Alabama Carriers, Inc.'s USDOT number at the time of the wreck and pulling a trailer owned by Alabama Carriers, Inc.

32. Upon information and belief, Alabama Carriers, Inc. and Tennessee Steel Haulers, Inc. operated collectively and cooperatively under the name TSH & Co.

33. Upon information and belief, Defendant Fox was operating in the furtherance of the business interests of Alabama Carriers, Inc. and Tennessee Steel Haulers, Inc.

34. Under the lease, Alabama Carriers, Inc. and/or Tennessee Steel Haulers, Inc. maintained exclusive possession, control, and use of Defendant Fox's tractor for the duration of the lease and were vicariously liable for the negligence of Defendant Fox as a matter of law.

### Contractual Right of Control

35. Upon information and belief and all times relevant Defendants Alabama Carriers, Inc. and Tennessee Steel Haulers, Inc. formed a contract with Defendant Fox which gave them a right of control over Defendant Fox's work as a truck driver.

36. Therefore, to the extent Defendant Fox was acting as an independent contractor at the time of the wreck, Defendants Alabama Carriers, Inc. and Tennessee Steel Haulers, Inc. are vicariously liable for the negligence of Defendant Fox.

### *Respondeat Superior*

37. Upon information and belief and at all times relevant Defendant Fox was in the course and scope of his employment with Defendants Alabama Carriers, Inc. and/or Tennessee Steel Haulers, Inc. or at a minimum was acting as the agent servant of Defendants Alabama Carriers, Inc. and/or Tennessee Steel Haulers, Inc. and in furtherance of their business.

38. Defendants Alabama Carriers, Inc. and/or Tennessee Steel Haulers, Inc. were, therefore, liable for Plaintiff's damages under the theory of *respondeat superior*.

### X. Direct Liability – Negligence and Negligence *Per Se*
### Alabama Carriers, Inc. and Tennessee Steel Haulers, Inc.

39. Upon information and belief, Defendants Alabama Carriers, Inc. and/or Tennessee Steel Haulers, Inc. failed to adequately investigate Defendant Fox's qualifications, background, and driving history before leasing, contracting and/or hiring him to drive on its behalf and were, therefore, negligent. Defendants Alabama Carriers, Inc. and/or Tennessee Steel Haulers, Inc. actions in this regard were in violation of Federal Motor Carrier Safety Regulations

and, as such, constituted negligence *per se*. Such negligence was a proximate cause of the wreck and Plaintiff and her minor son's injuries and damages.

40.     Upon information and belief, Defendants Alabama Carriers, Inc. and/or Tennessee Steel Haulers, Inc. knew, or in the exercise of ordinary care, should have known that Defendant Fox was a careless and incompetent driver and would operate the vehicle negligently and cause a collision, and were, therefore, negligent in entrusting the tractor and/or trailer to Defendant Fox. Defendants Alabama Carriers, Inc. and/or Tennessee Steel Haulers, Inc. actions in this regard were in violation of Federal Motor Carrier Safety Regulations and, as such, constituted negligence *per se*. Such negligence was a proximate cause of the wreck and Plaintiff and her minor son's injuries and damages.

41.     Upon information and belief, Defendants Alabama Carriers, Inc. and/or Tennessee Steel Haulers, Inc. failed to properly train and supervise Defendant Fox as a truck driver and were, therefore, negligent. Defendants Alabama Carriers, Inc. and/or Tennessee Steel Haulers, Inc. actions in this regard were in violation of Federal Motor Carrier Safety Regulations and, as such, constituted negligence *per se*. Such negligence was a proximate cause of the wreck and Plaintiff and her minor son's injuries and damages.

42.     Upon information and belief, Defendants Alabama Carriers, Inc. and/or Tennessee Steel Haulers, Inc. failed to properly inspect and maintain the tractor and trailer in question and were, therefore, negligent. Defendants Alabama Carriers, Inc. and/or Tennessee Steel Haulers, Inc. actions in this regard were in violation of Federal Motor Carrier Safety Regulations and, as such, constituted negligence *per se*. Such negligence was a proximate cause of the wreck and Plaintiff and her minor son's injuries and damages.

43.     Plaintiff and her minor son were among the class of persons sought to be protected by the statutes and rules Defendants violated.

## XI. Daseke, Inc. – Alter Ego Liability

44. Defendant Daseke, Inc. is the parent company of Tennessee Steel Haulers, Inc. and Alabama Carriers, Inc.

45. Daseke, Inc. is a publicly traded company which touts itself as, "the largest flatbed and specialized transportation and logistics company in North America." Daseke, Inc. advertises itself as having, "a national freight network" and "a fleet of approximately 6,000 tractors and 13,000 flatbed and specialized trailers." Daseke, Inc. and TSH & Co. (a.k.a. Defendants Tennessee Steel Haulers, Inc. and Alabama Carriers, Inc.) jointly advertise their association with Daseke, Inc. listing TSH & Co. as one of, "Our Flatbed Trucking Companies."

46. Daseke, Inc.'s website includes the following statement:

> The Daseke operating companies' senior management stays close with our customers. Each of the operating companies has its own senior executive team. At the same time, the companies regularly collaborate with each other to offer our customers the best, safest and most cost-efficient transportation and logistics solutions. The Daseke operating company CEOs represent the deepest management team in flatbed and specialized transportation with an average of almost thirty years of experience with their companies. The operating companies are often named as best places to work and recognized for their outstanding safety records.

47. Daseke, Inc. has a financial interest in Defendants Tennessee Steel Haulers, Inc. and Alabama Carriers, Inc. in that it owns and controls them.

48. There is such unity between Daseke, Inc. and Defendants Tennessee Steel Haulers, Inc. and Alabama Carriers, Inc. that the separateness of the companies has ceased.

49. Holding only Defendants Tennessee Steel Haulers, Inc. and Alabama Carriers, Inc. liable would result in an injustice to Plaintiff and her minor son.

50. Defendants Tennessee Steel Haulers, Inc. and Alabama Carriers, Inc. were organized and operated as a mere tool or business conduit of Daseke, Inc. and, therefore, Daseke, Inc. is liable for their actions under the theory of Alter Ego.

## XII. Damages

### Perla Caballero-Sanchez

51. As a direct and proximate result of Defendants' Negligence and Negligence *Per Se*, Plaintiff, Perla Caballero-Sanchez, suffered serious physical injuries at minimum to her head, neck, back, arms and hands. Plaintiff sues Defendant for the following damages:

   a. physical pain and mental anguish in the past and future;

   b. physical impairment in the past and future;

   c. disfigurement sustained in the past and future;

   d. loss of wages and loss of earning capacity in the past and future; and

   e. reasonable and necessary medical expenses incurred in the past and future for the treatment of her injuries.

### Rafael Corral

52. As a direct and proximate result of Defendants' Negligence and Negligence *Per Se*, Plaintiff, Rafael Corral, suffered serious physical injuries at minimum to his head, neck, back, bilateral shoulders, abdomen, hip, and lower extremities. Perla Caballero-Sanchez, as Next Friend to Rafael Corral sues Defendants for the following damages:

   a. physical pain and mental anguish in the past and future;

   b. physical impairment in the past and future;

   c. loss of earning capacity in the future; and

   d. reasonable and necessary medical expenses in the future for treatment of Rafael Corral's injuries after he reaches the age of majority.

53. Plaintiff, Perla Caballero-Sanchez, Individually, sues Defendants for the reasonable and necessary medical expenses incurred by her in the past for the treatment of Rafael Corral's injuries, and in the future for the treatment of Rafael Corral's injuries until he reaches

the age of majority.

## XIII. Plaintiff's Demand for Jury Trial

54. Plaintiff asserts her rights under the Seventh Amendment to the U. S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## IX. Prayer

55. For these reasons, Plaintiff asks for judgment against defendants for the following:

    a. The full amount of Plaintiff's special and actual damages in an amount to be proved at trial and as allowed by law;

    b. Pre-judgment and post-judgment interest in the maximum amount allowed by law;

    c. Costs of suit; and

    d. All other relief the Court deems appropriate.

Respectfully submitted,

HOFFMAN, SHEFFIELD, SAUSEDA & HOFFMAN, PLLC
1008 S. Madison
Amarillo, Texas 79101
Telephone:   (806) 376-8903
Fax:         (806) 376-5345


/s/ Chris Hoffman
Chris Hoffman
State Bar No. 24002299
choffman@hsshlaw.com

J. E. Sauseda
State Bar No. 17688200
jesauseda@hsshlaw.com


Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing instrument was delivered to all counsel of record in accordance with the Federal Rules of Civil Procedure on this the 24th day of September, 2020.

| | |
|---|---|
| Mitzi Mayfield | mmayfield@rineymayfield.com |
| Alex Yarbrough | ayarbrough@rineymayfield.com |
| **Riney & Mayfield, LLP** | |
| 320 South Polk Street, Suite 600 | |
| Amarillo, Texas 79101 | |
| Telephone: (806) 468-3200 | |
| Facsimile: (806) 376-4509 | |

| | |
|---|---|
| Carlos Rincon | crincon@rinconlawgroup.com |
| **Rincon Law Group, PC** | |
| 1014 N. Mesa, Suite 200 | |
| El Paso, Texas 79902 | |
| Telephone: (915) 532-6800 | |
| Facsimile: (915) 532-6803 | |

Attorneys for Defendants
**Tennessee Steel Haulers, Inc., Alabama Carriers, Inc., and Johnny M. Fox**

/s/ Chris Hoffman
**Chris Hoffman**

# EXHIBIT A

| | |
|---|---|
| From: | Mitzi Mayfield <mmayfield@rineymayfield.com> |
| Sent: | Wednesday, September 23, 2020 9:56 AM |
| To: | Chris Hoffman |
| Cc: | Mitzi Mayfield; Jade Schulte; Carlos Rincon; Ancel Escobar; Alex Yarbrough |
| Subject: | Caballero |

Chris
Thanks for the heads up that Dasake is a Texas corporation. We will confirm this. Per your request I put it in writing, we do not object to your amending the complaint. Once it is filed we will decide what, if anything, needs to be filed to regarding the removal.

Mitzi S. Mayfield
Riney & Mayfield LLP
320 South Polk St.
Suite 600
Amarillo, TX 79101
806-468-3208
mmayfield@rineymayfield.com

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

1